## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Case No. 23- 41703 KLT |
| Vladimir Gribovsky, | **OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN** |
| Debtor. | |

**To:  All parties in interest pursuant to Local Rule 9013-3:**

William Scott Gregory ("Gregory"), creditor in the above-captioned matter, by and through its undersigned counsel, files this objection (the "Objection") to the confirmation of the Debtors' Chapter 13 plan (the "Plan") [Dkt. 11].  For the reasons set forth below, Gregory requests that the Court deny confirmation of the Plan.

1. Vladimir Gribovsky (the "Debtor") filed this case on August 22, 2023.

2. The Debtor listed Gregory as a creditor on Schedule D in the amount of $150,000, with a mortgage on the Debtor's homestead located at 6301 Bay Ridge Road, Mound, MN 55364.

3. Gregory filed a proof of claim on October 31, 2023 reflecting the amount owed on the mortgage as $270,059.50, and the amount necessary to cure any default as of the date of the petition as $270,059.50.  Proof of Claim No. 13.

4. The Debtor filed a chapter 13 plan on September 5, 2023 (the "Plan"). [Dkt. 5].

5. The Plan lists Gregory's claim in Part 5 – Claims Not in Default.  Payments on the following claims are current.  The debtor will pay directly to creditors all payments that come due after the date the petition was filed.  The creditors will retain liens, if any.

Document      Page 2 of 5

6. The Debtor's Plan is not feasible because Gregory's claim of $270,059.50 is in default and due in full.

7. Pursuant to 11 U.S.C. §1325(a)(1), "the Court shall confirm the debtors' Chapter 13 plan if the plan complies with the provisions of this chapter and with the other applicable provisions of this title."

8. The debtors bear the burden of proving the requirements for confirming their chapter 13 plan have been met. *In re Baird*, 234 B.R. 546 (Bankr. M.D. Fla. 1999); *In re Davis*, 239 B.R. 573 (10th Cir. B.A.P. 1999); *In re Letsch*, 234 B.R. 208 (Bankr. D. Mass. 1999); In re Lessman, 159 B.R. 135 (Bankr. S.D.N.Y. 1993).

9. If necessary, the debtor and Gregory may be called to testify as to the matters in this motion.

WHEREFORE, Gregory moves the court for an order denying confirmation of the debtors' chapter 13 plan and such other relief as may be just and equitable.

**MESSERLI & KRAMER P.A.**

Dated: November 2, 2023

*s/ Terri A. Running*
Terri A. Running (#238338)
1400 Fifth Street Towers
100 South Fifth Street
Minneapolis, MN 55402
Telephone: (612) 672-3600
trunning@messerlikramer.com

**ATTORNEYS FOR WILLIAM SCOTT GREGORY**

2

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | Case No. 23- 41703 KLT |
| Vladimir Gribovsky, | **MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN** |
| Debtor. | |

**FACTS**

The facts set forth in the Motion are incorporated by reference.

**LEGAL ANALYSIS**

A.  **11 U.S.C. §1325(a)**

Pursuant to 11 U.S.C. §1325(a)(1), the "Court shall confirm the debtors' Chapter 13 plan if the plan complies with the provisions of this Chapter and with the other applicable provisions of this title.

Pursuant to 11 U.S.C. §1325(a)(5), with respect to each allowed secured claim provided for by the plan –

the holder of such claim has accepted the plan;

the plan provides that –the holder of such claim retain the lien securing such claim until the earlier of – the payment of the underlying debt or discharge under section 1328.

the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less that the allowed amount of such claim.

4

A.    **Burden of Proof**

While the objecting party must meet the initial burden of producing evidence in support of his objection, the debtor bears the ultimate burden of persuasion in the issue of compliance with confirmation criteria. *In re Melander*, 506 B.R. 855, 858 (Bankr. D. Minn. 2014); *In re Henry*, 328 B.R. 529, 536-37 (Bankr. S.D. Ohio 2004); *In re Mattson*, 241 B.R. 629, 635 (Bankr. D. Minn. 1999).

The debtor has failed to meet his burden with respect to the issue of compliance with confirmation criteria.

## CONCLUSION

WHEREFORE, Gregory respectfully requests that confirmation of the Debtors' Plan be denied, and for such other and further relief as the Court deems proper.

**MESSERLI & KRAMER P.A.**

Dated: November 2, 2023

*s/ Terri A. Running*
Terri A. Running (#238338)
100 South Fifth Street, Suite 1400
Minneapolis, MN 55402
Telephone: (612) 672-3600
trunning@messerlikramer.com

**ATTORNEYS FOR WILLIAM SCOTT GREGORY**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Vladimir Gribovsky,

Debtor.

Case No. 23- 41703 KLT

**UNSWORN DECLARATION FOR PROOF OF SERVICE**

I, Terri A. Running, declare that on the date indicated below, I served the following:

(1) Objection to Confirmation of Chapter 13 Plan; and
(2) Memorandum of Law in Support of Objection to Confirmation of Chapter 13 Plan.

upon each of the entities named below, by electronic service or by mailing to each of them a copy thereof by enclosing same in an envelope with first class mail postage prepaid, and depositing same in the post office at Minneapolis, Minnesota, addressed to each of them as follows:

Vladimir Gribovsky
6301 Bay Ridge Road
Mound, MN 55364

and I declare under penalty of perjury that the foregoing is true and correct.

Date: November 2, 2023          */e/ Terri A. Running*

2883002.v1